(C.D. 4530)

AMTHOR IMPORTS *v.* UNITED STATES

Court No. 68/17798

(Decided April 25, 1974)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Carla A. Hills,* Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

---

[2] TSUS item 652.98 contains no provision for "parts of towers" as plaintiff's argument suggests.

RICHARDSON, Judge: The merchandise at bar, consisting of dessert and bar sets, was classified in liquidation under items 651.75, 650.49, and 650.21, TSUS, at the duty rates of 22.36, 24.96 and 27.17 *per centum ad valorem*. It is claimed by the plaintiff-importer that the merchandise should be classified as sets under items 651.75 and 650.49 or 650.21, TSUS, at the duty rate of 1 cent each plus 17.5 *per centum ad valorem*.

In its complaint plaintiff alleges, among other things, that the subject merchandise is similar in all material respects to the merchandise the subject of *Import Associates of America, Fraser's Inc.* v. *United States*, 56 CCPA 100, C.A.D. 961 (1969), and further, requests that judgment issue directing the district director to reliquidate the involved entry or entries under items 651.75 and 650.49 or 650.21, TSUS, in accordance with its claim. In its answer the defendant admits all of the material allegations of the complaint, and consents to the entry of judgment overruling the manner of assessment of duty by the district director and sustaining plaintiff's claim as to the dessert and bar sets.

In the case cited in the complaint the merchandise consisted of flatware sets of various kinds of knives, forks, and spoons imported from West Germany and Japan, classified in liquidation under item 651.75, TSUS, among other things, and assessed with duty at the *ad valorem* equivalent of the highest specific or compound rate applicable to any article in the set. The Customs Court sustained the protest lodged against the duty assessment, and held that the specific or compound rate of duty which is the highest for any article in the set if imported alone should be used in determining the duty and not the *ad valorem* equivalent, and further, that the applicable specific duty should be assessed against each article in the set. This latter holding of the Customs Court was sustained in the cited case on appeal to the Court of Customs and Patent Appeals as against the importer's contention in the appellate court that the specific duty assessment should be made against the set rather than against each article in the set.

In the instant case defendant admits that the merchandise at bar is similar in all material respects to the merchandise the subject of the cited case. Consequently, inasmuch as the pleadings fail to raise any triable issue in the case the necessity for further proceedings in this action is obviated.

Plaintiff's claim for classification of the subject merchandise under items 651.75 and 650.49 or 650.21, TSUS, as sets at the duty rate of 1 cent each plus 17.5 *per centum ad valorem* is sustained. Judgment will be entered herein accordingly.